ARTHUR A. BROWN, Respondent, *v.* HORACE K. THURBER et al., Appellants.

The rule that where an agreement is reduced to writing, it cannot be controverted or varied by parol evidence, applies only to the parties to the agreement; one not connected in any way with the agreement may show by parol what the real transaction was.

(Argued April 2, 1879; decided May 20, 1879.)

THIS was an action of trespass for the alleged taking and conversion of twelve casks of ale.

Defendants justified under an execution against one Healey, a retail liquor dealer, in whose possession the ale was when taken. The ale was delivered to Healey by plaintiff, the latter taking a receipt therefor, which stated that it was to remain his property until paid for.

Upon cross-examination of plaintiff, who was a witness in his own behalf, defendant's counsel asked this question: "State what Healey said to you when he called at your brewery * * * in reference to these particular ales?" This was objected to, "on the ground that the agreement was in writing, and that is the best evidence." The court sustained the objection. *Held*, error; the court laying down the rule as above.

Plaintiff was permitted to show that he kept a storage book, which was a simple memorandum book, keeping an account of ales stored, and that these ales were entered therein. *Held*, error; that the entries were not part of the *res gestœ*, but were simply declarations of plaintiff in his own favor.

*Nelson Smith*, for appellant.

*Benjamin Estes*, for respondent.

*Per Curiam* opinion for reversal of judgment of General Term of New York Common Pleas, and for affirmance of order of General Term of the Marine Court, which reversed

a judgment in favor of plaintiff, and for judgment absolute on stipulation.

FOLGER, RAPALLO, ANDREWS and EARL, JJ., concur; CHURCH, Ch. J., MILLER and DANFORTH, JJ., dissent.

Judgment accordingly.