HARRISON D. FOLINSBEE, Respondent, *v.* GEORGE P. SAWYER, Appellant.

1. EVIDENCE — WRITTEN CONTRACT — PAROL PROOF — PARTIES. The rule of evidence which makes a written contract conclusive proof of what the parties have agreed to, and which rejects parol proof to vary or contradict the writing, or its legal import, applies only in controversies between the parties to the instrument.

2. ACTION FOR COMMISSIONS FOR OBTAINING PURCHASER FOR REAL ESTATE — EVIDENCE. In an action for commissions for obtaining a purchaser for real estate, an agreement signed by the defendant and third parties, stating that the third parties "agree to purchase the within described property at the within mentioned terms and price, with the only exception that said price is changed to" a certain sum, and indorsed upon a letter theretofore written by the defendant to the plaintiff and one of the third parties, giving the plaintiff and such third party an option upon the property, is not conclusive proof, to the exclusion of oral evidence on the subject, that the plaintiff had procured parties willing to purchase on the defendant's terms, although they had finally refused to accept his terms or perform.

3. EVIDENCE OF ACTS INCONSISTENT WITH BINDING CONTRACT OF SALE. In such case, evidence of acts and declarations of the plaintiff, at or subsequent to the execution of the indorsed agreement between the defendant and the third parties, inconsistent with the claim that the indorsement represented a complete or binding contract of sale, is admissible on behalf of the defendant.

*Folinsbee* v. *Sawyer*, 15 Misc. Rep. 293, reversed.

(Argued October 18, 1898; decided November 22, 1898.)

APPEAL from a judgment of the General Term of the late Superior Court of Buffalo, entered December 30, 1895, upon an order denying a motion for a new trial upon exceptions ordered to be heard in the first instance at General Term and directing judgment upon a verdict in favor of plaintiff.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Ansley Wilcox* for appellant. The written instruments, constituting the alleged contract of sale between Sawyer, as vendor, and Smith and Weill, as vendees, did not amount to a complete contract, but were, on their face, only a partial

contract, expressly requiring further negotiations and further agreements to complete them. (*Sibbald* v. *B. I. Co.*, 83 N. Y. 382; *Gilder* v. *Davis*, 137 N. Y. 504; *Hodgkins* v. *Mead*, 29 N. Y. S. R. 671; 130 N. Y. 676; *Martin* v. *Bliss*, 57 Hun, 159; *Milliman* v. *Huntington*, 68 Hun, 258; *Cooley* v. *Lobdell*, 153 N. Y. 596, 600; *Condict* v. *Cowdrey*, 123 N. Y. 463; 139 N. Y. 273; *Crombie* v. *Waldo*, 137 N. Y. 129; *Bennett* v. *Egan*, 3 Misc. Rep. 421; *Alden* v. *Earle*, 24 J. & S. 366; 121 N. Y. 688; *Platt* v. *Kohler*, 65 Hun, 557.)

*Norris Morey* for respondent. The plaintiff became entitled to his commission upon the production by him of a purchaser ready and willing to purchase the property upon the terms fixed by his principal. His right to his commissions then accrued, and is not affected by any subsequent default of either purchaser or seller in completing the purchase, or by the fact that the agreement to sell was oral, and, therefore, could not be enforced by the seller. (*Mooney* v. *Elder*, 56 N. Y. 238; *Moses* v. *Bierling*, 31 N. Y. 462; *Glentworth* v. *Luther*, 21 Barb. 147; *Kalley* v. *Baker*, 132 N. Y. 1; *Duclos* v. *Cunningham*, 102 N. Y. 678; *Gilder* v. *Davis*, 137 N. Y. 504–506; *Barnard* v. *Monnot*, 3 Keyes, 203; *Hodgkins* v. *Mead*, 130 N. Y. 676; *Hart* v. *Hoffman*, 44 How. Pr. 168; *Bach* v. *Emerick*, 3 J. & S. 548, 552; *Bostwick* v. *Beach*, 103 N. Y. 415, 420; *Olmstead* v. *Loomis*, 9 N. Y. 428, 434; *Coleman* v. *M. B. I. Co.*, 94 N. Y. 229; *Hall* v. *S. I. & R. Co.*, 148 N. Y. 432.) The charge of the trial judge was correct. (*Heilman* v. *Lazarus*, 90 N. Y. 672; *Heinemann* v. *Heard*, 62 N. Y. 455; *F. L. & T. Co.* v. *Siefke*, 144 N. Y. 354; *Chellis* v. *Chapman*, 125 N. Y. 214; *Losee* v. *Buchanan*, 51 N. Y. 492; *Hickenbottom* v. *D., L. & W. R. R. Co.* 122 N. Y. 100.)

O'Brien, J. The plaintiff sought to recover a considerable sum of money as his compensation for the sale of certain real estate which the defendant owned and desired to sell. It is alleged that the defendant retained the plaintiff to procure a purchaser for the property, and that in pursuance of this

employment he did procure parties who were willing to purchase on the defendant's terms, and thus the stipulated commissions were earned and became due to the plaintiff.

It appears that on the 8th day of November, 1890, the defendant gave to the plaintiff and one John H. Smith a written option for sixty days, in which he agreed to sell the property to them for $175,000. This writing was in the form of a letter addressed by the defendant to the plaintiff and Smith, in which the terms of the sale were specified, and concluded with these words : " The above is intended to be a resumé of conversation between us to-day, and in general it means that you have the option of taking the property at price named, details to be settled later in conformity to above understanding." The parties, however, seem to have abandoned the option contract, and on the 18th day of December following the defendant, Smith and one Weill indorsed upon it and signed the following: " John H. Smith and Henry Weill hereby agree to purchase the within-described property at the within-mentioned terms and price, with the only exception that said price is changed to one hundred and fifty-five thousand dollars, and interest at five per cent."

The plaintiff claims that he procured the two parties who, with the defendant, signed this indorsement, and who were willing to purchase on defendant's terms, and he put in evidence the writing, that is to say, the option letter and this indorsement as proof of this fact. The defendant alleges that the indorsement referred to was not intended as a complete and binding agreement on the part of the purchasers, but certain details were left open for further negotiations and settlement, and that the parties so professing to purchase never, in fact, agreed to his terms or completed the purchase, and finally refused to perform. The issue of fact, therefore, was whether the plaintiff did, as he alleges, ever procure parties ready and willing to purchase the land on the defendant's terms.

The learned counsel for the plaintiff insists that the rule of law in such cases is that when a broker employed to negotiate a sale of real estate brings to the owner or his employer a

responsible purchaser willing to buy on the terms prescribed he has earned his commissions. That may be true, but the plaintiff in this case was bound to prove these facts before he could recover. The only proof that he gave was the indorsement signed by the parties already mentioned. Whatever else may be said about that paper it certainly was not a contract between the parties to this action. It was signed by the defendant and the two parties who it is said were willing to purchase, but the plaintiff was not a party to it in any legal sense. The statements in it did not bind him. He was not concluded by it, and he could have resorted to parol proof to make out his case. The rule of evidence that makes a written contract conclusive proof of what the parties have agreed to, thus merging in it all prior parol negotiations, and which rejects parol proof to vary or contradict the writing, or its legal import, applies only in controversies between the parties to the instrument. (*Hankinson* v. *Vantine*, 152 N. Y. 20; *Coleman* v. *First National Bank of Elmira*, 53 N. Y. 388; *Dempsey et al.* v. *Kipp*, 61 N. Y. 462; *Brown* v. *Thurber*, 77 N. Y. 613; *Sprague* v. *Hosmer*, 82 N. Y. 466; *Lowell Mfg. Co.* v. *Safeguard Fire Ins. Co.*, 88 N. Y. 592; *Tyson* v. *Post*, 108 N. Y. 217.) The disputed fact was whether the plaintiff had procured a purchaser or purchasers for the land, ready and willing to comply with the defendant's terms. The legal import of the indorsement upon the defendant's letter containing the option, was that the parties signing the same had made an executory agreement of purchase and sale upon the terms and conditions mentioned in that letter *mutatis mutandis*. But it was open to either party to this action to prove or disprove the fact independent of the writing. Since the indorsement did not conclude the plaintiff, who was not a party to it, neither did it conclude the defendant, who was. The paper was, doubtless, competent evidence in the case, but it did not necessarily prove the fact which the plaintiff had alleged. It did not conclusively show that there had been a meeting of minds upon a sale or upon the terms of sale. Hence, it was open to either party to give oral proof of the

purpose of the paper, the intention of the parties, or of any conditions or qualifications that accompanied the execution and delivery. In other words, the defendant had the right to go behind the paper and show, by oral proof, that it was not what it purported to be on its face, but, on the contrary, a mere tentative and incomplete agreement.

The case was evidently tried upon the theory that the indorsement in question was conclusive proof of the fact in issue; that is, of the performance on the part of the plaintiff. The court charged the jury that the two papers, that is to say, the option letter and the indorsement subsequently made thereon, in and of themselves, were sufficient evidence of the fact that a purchaser had been produced by the plaintiff satisfactory to the defendant. The defendant's counsel excepted to this part of the charge. There was no question submitted to the jury except the question whether there had been a delivery of the paper, and under the charge if they found that there had been a delivery, they were necessarily bound to find the disputed fact in favor of the plaintiff, as they did. The court ruled that, if the paper had been delivered, the plaintiff was entitled to recover, and excluded all proof of the acts and negotiations of the parties preceding and at the time of the signing of the indorsement, and to this ruling the defendant's counsel excepted.

We think the ruling was erroneous, since it gave to the paper all the legal effect of an agreement between the parties to the action, and concluded the defendant, when it is obvious it could not have concluded the plaintiff. The fact that the plaintiff found it to his interest, and, therefore, elected to prove his case by the papers, did not affect the defendant's rights. He could still give parol proof touching the fact in issue in the same way, and to the same extent, as if the plaintiff himself had resorted to that form of proof.

Weill, one of the parties to the paper, testified that he signed the indorsement conditionally, reserving the right to cancel his signature before ten o'clock the next day, if he elected to do so, and at the same time declared that he did

not consider it a binding contract, being too vague and indefinite; that he did cancel his signature the next morning before ten o'clock, in pursuance of this agreement.   The defendant's counsel then offered to prove that immediately following this cancellation, or attempt at cancellation, on the 19th of December, the plaintiff undertook to negotiate an entirely new and distinct sale of the land for the defendant to other persons, and carried on such negotiations for two months thereafter. The court excluded the proof and the defendant's counsel excepted.   We think that the acts and conduct of the plaintiff in this respect were admissible.   They tended to show that the plaintiff, like Weill, did not understand that a complete and binding agreement of purchase and sale had been consummated by the indorsement on the option letter.   In other words, his subsequent acts were not consistent with his claim at the trial that the indorsement represented a complete or binding contract of sale.   It was only upon the principle that the written words of the indorsement concluded the defendant as to the fact in issue that the court could have excluded proof of the conduct, acts or declarations of the plaintiff at or subsequent to the execution of the paper; and since no such effect could be given to it in this action it must follow that the ruling was error.

For these reasons the judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed, etc.