## SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

### June 1, 1923.

## THE PEOPLE EX REL. ALEXANDER A. MacARTHUR v. WARDEN.

(205 App. Div. 650.)

EXTRADITION—RELATOR WAS ARRESTED ON WARRANT OF RENDITION FOR CRIME COMMITTED IN NEW JERSEY—ASYLUM STATE MAY DETERMINE WHETHER RELATOR WAS IN DEMANDING STATE AT TIME CRIME WAS COMMITTED AND WHETHER HE LEFT THERE FOR ASYLUM STATE—REFUSAL OF WARRANT BY ONE GOVERNOR NOT BAR TO GRANTING WARRANT BY SUBSEQUENT GOVERNOR.

Where a person is arrested on a warrant of rendition issued by a Governor of this State, based on a crime committed in New Jersey, and he seeks to obtain his freedom through a writ of habeas corpus, this State should be satisfied by competent evidence that the prisoner was in the demanding State at the time the crime was committed and that he left that State thereafter to repair to this State, but it is not necessary for this State to be satisfied that he was present at the precise locality of the crime itself.

The fact that one Governor of this State has refused a warrant of rendition after a hearing does not bar the granting of a warrant by his successor.

APPEAL by the relator, Alexander A. MacArthur, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of

31

New York on the 21st day of February, 1923, dismissing a writ of habeas corpus and remanding the relator to the custody of the police commissioner of the City of New York, with directions to deliver him to the agent of the State of New Jersey.

*Frank D. Pavey* (*Neilson Olcott,* with him on the brief), for the appellant.

*Joab H. Banton, District Attorney* (*Michael J. Driscoll, Deputy Assistant District Attorney,* of counsel), for the respondent.

McAvoy, J.:

The relator was arrested on a warrant of rendition issued by Governor Smith, and, after a hearing on habeas corpus before the Special Term, was ordered delivered to the authorities of the demanding State. He has had two hearings covering this case, one before Governor Miller, who himself heard the proof as to whether the relator was in the demanding State at the time the crime was committed, and this later hearing before the court, in which the order now here was made, after the issuance of the present rendition warrant by Governor Smith. Governor Miller refused a warrant of rendition after the hearing before him. Governor Smith issued the warrant here under review on the indictment had in New Jersey charging a crime which is extraditable, upon the New Jersey Governor's requisition, without holding a hearing, upon the issue of defendant's presence in that State at the time the crime was committed.

The questions of law raised by relator are all settled adversely to him in repeated rulings had in similar instances, and his principal reliance must rest upon the claimed lack of positive proof of his being in the demanding State when the crime was committed. The person upon whom the assault

described in the indictment was committed testified positively to the identification of the relator; and unless the asylum State be permitted to fully determine an alibi issue here in New York, where the rendition of a fugitive is involved, it is not possible to find a ground upon which the court can now be asked to discharge the relator.

The asylum State has no duty to try out the alibi defense except in this respect: It ought, when the issue is raised, to be satisfied by competent evidence that the relator was in the demanding State at the time the crime was committed, whether he was present at the precise locality of the crime itself is not to be tried here; and it should further appear that the defendant left the demanding State thereafter to repair to the asylum State. As to the right of a succeeding Governor to act where a former Governor has refused a warrant, there is nothing in the nature of the proceeding of interstate rendition to differentiate it in essence from the issuance of any warrant of arrest by a magistrate. It is merely the initiatory process to the trial in the demanding State, and a refusal by his predecessor in the office of Governor is no more a bar to a grant of a warrant of rendition by the successor Governor than is the refusal of one magistrate to issue his warrant of arrest a bar to the power of another magistrate later to issue such a warrant for the same offense. There is no such adjudication of the merits of a controversy, in a refusal of issuance of a warrant of rendition, as would prevent a renewed demand and a subsequent grant of such a warrant, even though covering the same offense described in the earlier requisition.

The evidence here amply supports the charge in the warrant in its essential proof of defendant's presence in the demanding State, and the proof opposed to such a finding is very halting, vague and uncertain. The relator himself testified that he might have been in Montclair, N. J., on October 10, 1921, which is the date of the crime alleged in the indictment

on which the New Jersey Governor's requisition for rendition is based.

The court at Special Term was correct in its direction in dismissing the writ and remanding the relator (120 Misc. 330), and its order should be affirmed.

CLARKE, P. J., DOWLING, MERRELL and FINCH, JJ., concur.

Order affirmed.