EDWARD T. DAYTON, Respondent, v. WINTHROP GARDINER, Appellant.— The appellant was the owner of certain real estate located at East Hampton, Long Island, a portion of which is involved in this action. The entire tract including this parcel was subject to the lien of a mortgage that was in default and under foreclosure. The plaintiff, as broker, negotiated a sale of a portion of the property for $12,000. The performance of the contract was conditioned upon the owner's securing a release of the portion to be sold from the lien of the mortgage. The contract was prepared at the direction of the respondent-broker, who witnessed its execution and had full knowledge of the lien, the foreclosure action and the necessity of securing a release. The contract contained a clause to the effect that the respondent was the broker who brought about the sale. Through no fault of the appellant, the release from the mortgage could not be obtained and the contract became a nullity. Notwithstanding, the broker brought this action to recover his commissions. Upon the trial the court charged that it was for the jury to determine whether the respondent's commissions were earned when the contract was signed or were conditioned upon the performance of the

contract. This was erroneous. There was no question to submit to the jury. The contract itself and the undisputed testimony of the defendant established that the broker's commissions were conditioned upon the consummation of the sale and the closing of the contract. (*Folinsbee* v. *Sawyer*, 157 N. Y. 196; *Condict* v. *Cowdrey*, 139 id. 273; *Hall* v. *Schiff*, 179 App. Div. 699.) Judgment of the County Court of Suffolk county reversed on the law, with costs, and complaint dismissed upon the merits, with costs. Appeal from order dismissed. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.