WALTER C. SIMON and GEORGE J. SIMON, Plaintiffs, Appellants, v. ST. LOUIS UNION TRUST COMPANY, a Corporation, Trustee, and LILLIAN MAY FERREE, Defendants, Respondents.—139 S. W. (2d) 1002.

Division One, May 7, 1940.*

---

*Hall & Dame* for appellants.

148

*Louis Kawin* for respondents.

CLARK, J.—George H. Simon died testate, a resident of St. Louis, in April, 1922, leaving his widow, Charlotte Simon, two sons by a former marriage, Walter Simon and George J. Simon, and one daughter, Lillian Ferree, by his marriage with Charlotte. Charlotte Simon died intestate in April, 1935, survived by her daughter Lillian. In August, 1931, Charlotte Simon executed two written instruments; one placing certain property with the St. Louis Union Trust Company in trust for her daughter Lillian, and the other appointing the Trust Company agent for the management of certain other property. In November, 1936, Walter Simon and George J. Simon brought this suit in equity in the circuit court at St. Louis against the Trust Company and Lillian Ferree. The petition alleges that most of the property in the trust fund and all the property in the agency account was derived from the residue estate of said George H. Simon and, under his will, belongs to his three children in equal proportions; also mismanagement and loss in both funds are charged and plaintiffs ask for an accounting and other relief. The answers of defendants admit that the property in the agency account was derived from the George H. Simon estate; allege that defendants have at all times been ready and willing to turn over said property to the children of George H. Simon when proper receipts are given, deny all other allegations of the petition and plead laches and limitations. The chancellor found the issues for defendants, rendered a decree that plaintiffs have no interest in the property in the trust account and ordered the agency account divided among plaintiffs and Mrs. Ferree. Plaintiffs have appealed.

The will of George H. Simon devised the family residence to the widow and daughter as tenants in common; gave the household goods to the widow; gave 200 shares of stock in the St. Louis Archi-

tectural Iron Company to the widow and children in certain proportions; made a cash bequest to the widow of a deceased son; and then, in item eight, gave the residue to the widow during life or widowhood, with power to consume or dispose of the property, with provision for accounting and distribution to the children of testator of the property remaining at the death or remarriage of the widow. Item eight of the will also requests that the widow be not required to give bond. The will names the widow as executrix without bond.

On May 22, 1922, the executrix filed in the probate court her inventory of the estate of George H. Simon showing personalty of the par value of $35,636.60. Attached to and filed with the inventory was a statement showing that the title to the family residence was in the name of ''George H. Simon and Charlotte Simon, his wife;'' also that certain time certificates of deposits, totaling $11,500.00, were issued to ''George H. Simon and Charlotte Simon,'' and certain notes signed by one Pilcher and wife and totaling $2,800.00, were payable to ''George H. Simon and wife.'' The statement claimed that the real estate, time certificates and notes were held by George H. Simon and Charlotte Simon as an estate by the entirety, that upon the death of George H. Simon the title to said property vested in Charlotte Simon and, for that reason, was not included in the inventory. In October, 1923, the executrix filed her final settlement which, after payment of claims and distribution of assets, shows assets remaining in the estate of the par value of $13,083.37 and the probate court ordered these assets delivered to Charlotte Simon under the provisions of item eight of the will.

The par value of the assets turned over to the Trust Company for the agency account in August, 1931, was $10,339.06.

Appellants do not seem to charge the Trust Company with mismanagement after it received the fund. As we understand it, the claims of appellants may be summarized as follows: (1) That the time certificates of deposit and the Pilcher notes should have been included in the residue estate of George H. Simon, but instead went into the trust fund which Charlotte Simon established for her daughter; (2) That Mrs. Simon wrongfully converted other portions of the residue estate and otherwise mismanaged it.

(1) As to the Pilcher notes, appellants say that the evidence shows they represent the loan of money belonging to George H. Simon and the burden is on defendants to show that George H. Simon intended the notes as a gift to his wife as his survivor, citing: In re Van Fossen (Mo. App.), 13 S. W. (2d) 1076; Schnur v. Dunker (Mo. App.), 38 S. W. (2d) 282; Murphy v. Wolfe, 329 Mo. 545, 45 S. W. (2d) 1079.

Those cases do not sustain the claim of appellants. In re Van Fossen considered a gift *inter vivos*, but not a question of joint ownership. In Murphy v. Wolfe it was held that a deposit by a wife in

the name of herself and husband, under the evidence, created an estate by the entirety. Schnur v. Dunker holds that a deposit in the name of two persons, or the survivor, creates a presumptive joint tenancy with survivorship, under our statutes.

As to the time certificates of deposit, appellants admit that our statutes (Sections 5400 and 5465, Revised Statutes Missouri 1929, Mo. Stat. Ann., pp. 7611-7660) create a presumptive right of ownership in the survivor, but that this is rebuttable.

We hold that there is no difference in the law governing the Pilcher notes and the time certificates. As to both the presumption is that George H. Simon intended to create an estate by the entirety. [Craig v. Bradley, 153 Mo. App. 586, 134 S. W. 1081; Ball v. Merc. Trust Co., 220 Mo. App. 1165, 297 S. W. 415; Zahner v. Voelker (Mo. App.), 11 S. W. (2d) 63; Frost v. Frost, 200 Mo. 474, 98 S. W. 527; Rezabek v. Rezabek, 196 Mo. App. 673, 192 S. W. 107; Lomax v. Cramer, 202 Mo. App. 365, 216 S. W. 575.]

Of course, this presumption could be rebutted by clear and convincing proof, but we fail to find any evidence in the record which tends to rebut it. Appellants admit that the family residence was held by the entirety, and on the death of George H. Simon the fee simple title vested in Charlotte Simon because the deed was made to both of them. But, appellants argue that the fact that George H. Simon erroneously attempted to devise the real estate shows that he did not consider that either the real estate or personalty was held by the entirety; and, while the testator's intention could not prevent the vesting of the real estate in the surviving widow, it would be sufficient to rebut the presumption of survivorship as to the personalty held in their joint names. We think this argument is unsound for two reasons; First, even if the will did show an intention to dispose of this property as if it solely belonged to the testator, that would not be sufficient to rebut the presumption of survivorship arising from the fact that it was held in their joint names. [Alexander v. Alexander (Mo. App.), 44 S. W. (2d) 872.] Second, the will does not show an intention on the part of the testator to claim title to and dispose of the time certificates and Pilcher notes. They are not mentioned in the will and we are not authorized to presume that the testator claimed to own them, merely because he attempted to dispose of other property which he did not own.

In their reply brief, appellants claim that the will shows an intention to dispose of the time certificates and Pilcher notes as a part of the residuary estate and that that is binding on the widow because she accepted other provisions of the will. In other words, appellants claim she could not accept the will in part and reject it in part, citing Wood v. Trust Co., 265 Mo. 525, 178 S. W. 201, and other cases. In effect, we have already answered this contention by showing that the will does not indicate such intention to dispose of this property.

 (2) Much testimony was introduced in an effort to prove that Charlotte Simon mismanaged or wrongfully converted portions of the residuary estate. The actual value of this part of the estate was not shown either at the time of final settlement in the probate court or at the time the property was turned over to the Trust Company. We have heretofore set out the par value at each of those dates, the par value being less at the latter date by the sum of $2,744.59. Included in these assets at the time of final settlement were the household goods, valued at $263.25, which the will gave to Charlotte.

No original asset of the estate was traced to the trust fund which Mrs. Simon established for her daughter, with one possible exception. Among the assets at the date of testator's death was a ·convertible note of the Bell Telephone Company for $1,000.00. In 1923 Mrs. Simon cashed this note and on the same day purchased shares of stock in the same company of the par value of $1,000.00. These shares were issued to Charlotte Simon and at her death were in the trust fund which she established for her daughter. This transaction, in which the note was cashed and the stock purchased, took place nearly eight months before Mrs. Simon made final settlement in the probate court. The evidence does not disclose the reason for this stock being taken in the name of Mrs. Simon, but the probate court had made a statutory allowance to her of $400.00 and an allowance of $800.00 in lieu of a year's provisions and the record does not show the manner in which these allowances were paid to her. She also would have been entitled to an allowance of five per cent of the value of the estate for acting as executrix, which it seems she did not claim. It must also be remembered that the will gave Mrs. Simon the right to dispose of the assets or consume them. The evidence is not clear that Mrs. Simon wrongfully converted the proceeds of the Bell Telephone note and there is no evidence that she otherwise mismanaged the residuary estate. Most of the original assets in that part of the estate were turned over to the Trust Company and placed in the agency account. Mrs. Simon made some investments in this fund, after her husband's death and before creating the agency account; for instance she purchased for $1,000.00 ten shares of stock in· a corporation organized by the plaintiffs themselves. This seemed a good investment when made, but, like many other investments made about that time, it later became worthless.

 George H. Simon died in 1922. The inventory in his estate was filed on May 22, 1922. The plaintiffs were then familiar with and one of them helped to make a list of the assets. They then knew that Mrs. Simon claimed to own the time certificates and the Pilcher notes and refused to include them in the inventory. Mrs. Simon made final settlement as executrix in October, 1923, and at that time she had already cashed the note of the Bell Telephone Company and purchased stock in the same company. She did not include this

stock in the residuary estate which the probate court ordered turned over to her under item eight of the will. The plaintiffs did not bring this suit until November, 1936. At no time before that did plaintiffs make any objection to the inventory, the final settlement or final order of distribution. On account of these facts, respondents say that plaintiffs are barred by laches and limitations. The claim being that, while under the will they could not sue to establish ownership or possession until Mrs. Simon's death, they could have proceeded under the statutes to require the inventory of any property which they claimed to belong to the estate and could have required the court to pass upon the correctness of the final settlement and final order of distribution. It is unnecessary for us to pass upon these questions, because we are compelled to agree with the finding of the chancellor that plaintiffs have not fulfilled the burden of proving either conversion or mismanagement of the fund.

Accordingly, the decree of the trial court should be and is affirmed. All concur.

*NOTE: Opinion filed at September Term, 1939, March 6, 1940; motion for rehearing filed; motion overruled at May Term, 1940, May 7, 1940.