In the Matter of: ESTATE OF STEPHEN KAIMANN, Deceased, ANNA C. BALLMANN, Petitioner-Respondent, v. GARNET K. KAIMANN, Administratrix C. T. A. of the Estate of FRANCIS S. KAIMANN, Deceased, Respondent-Appellant, No. 41645—229 S. W. (2d) 527.

Division Two, April 10, 1950.

Motion for Rehearing or to Transfer to Banc Overruled, May 8, 1950.

*Suelthaus & Krueger* by *G. H. Suelthaus* for appellant.

*Clem F. Storckman* and *Walter L. Metcalfe* for respondent.

TIPTON, J.—This is a statutory action originating in the probate court of the city of St. Louis to discover assets in the estate of Stephen A. Kaimann, deceased. The petitioner was Anna C. Ballmann and the respondent was Francis S. Kaimann, both children of the deceased. The subject matter of this action was a balance of $10,480.25 in an account in the North St. Louis Trust Company standing in the name of "Mr. Steve Kaimann or Mr. Francis S. Kaimann." On appeal to the circuit court the jury was waived and that court found that Francis Kaimann was wrongfully withholding from the estate $7,833.72, and he was ordered to pay that sum to the estate. From this judgment, Francis Kaimann appealed to this court. This appeal is now being prosecuted by his widow, the administratrix of his estate.

At the time of his death, Stephen A. Kaimann was 85 years old and lived alone at his residence in St. Louis. He was survived by three children, Anna C. Ballmann, Francis and Clarence Kaimann, and certain children of his deceased children. For three months prior to his death he was confined in DePaul Hospital. He died on April 21, 1946.

On August 27, 1942, the deceased opened a joint account at the North St. Louis Trust Company with a deposit of $500.00. The agreement with the bank was to the effect that all deposits made by either Stephen Kaimann or Francis Kaimann shall be owned by them jointly with the right of survivorship. On April 14, 1944, deceased deposited in this joint bank account $1,065.03 and on April 17, 1945, he deposited $500.00. The fourth deposit of $2,024.88 was made on January 15, 1946. These items were made in the handwriting of deceased. The fifth deposit for $1,909.18, made February 13, 1946, the sixth deposit for $1,724.62, made March 14, 1946, the seventh deposit for $2,500.00, made on March 20, 1946, the ninth deposit for $883.80, and the tenth deposit for $125.00, both made on April

10, 1946, the eleventh deposit for $691.12, made April 15, 1946, and the twelfth deposit of $600.00, made on April 16, 1946, were all made in the handwriting of Francis Kaimann. The eighth deposit for $994.00, made on April 5, 1946, was made in the handwriting of Clarence Kaimann. It is undisputed that all of the deposits made in this joint account were made with money belonging to Stephen Kaimann except the last deposit for $600.00, made by Francis Kaimann, and this was replacement of a check for that amount drawn by Francis for payment on an automobile.

From 1922 until his death deceased maintained an active individual checking account in the Baden Bank. No deposits were made in this bank after January 1, 1946, and at the time of his death there was a balance of $917.43.

Stephen Kaimann was injured while shoveling snow in December, 1945. In February, 1946, he fell in his home and on the 12th day of that month he was taken to the hospital where he remained until April 18, 1946. He was then taken back to his home where he died three days later. Six days after his father's death, Francis Kaimann drew out of the joint account $10,480.26, which was the balance on the date of Stephen Kaimann's death.

The deceased had extensive rental real estate holdings in St. Louis. Francis Kaimann was his youngest child and he made out his father's income tax returns, kept his books and generally assisted his father with his affairs. Deceased, his daughter Anna and his son Clarence lived in the same block of the same street. All three children had a key to their father's home.

From May, 1941, until October 14, 1945, deceased placed in his safe deposit box at the Mercantile-Commerce Bank & Trust Company various sums of money which totaled $27,000.00 on the last named date.

The issues in this proceeding are made by the interrogatories and the answers filed. No formal pleadings are required in any action filed in a probate court. Spencer v. Barlow, 319 Mo. 835, 5 S. W. 2d 28; Hall v. Greenwell, 231 Mo. App. 1093, 85 S. W. 2d 150. There were eighteen interrogatories and answers filed. The issue made by these interrogatories and answers is whether the deposits belong to the estate of Stephen Kaimann or to Francis Kaimann.

 The appellant contends that there was no evidence to show that the deposit agreement between the North St. Louis Trust Company and Stephen Kaimann and Francis Kaimann was not the real agreement between the parties, nor was there any evidence that it had been changed or modified between the date of the agreement, August 27, 1942, and the date of Stephen Kaimann's death. Therefore, all the money on deposit when Stephen Kaimann died became the absolute property of Francis Kaimann.

The deposit agreement complied with sections 7996 and 8070, R. S. Mo., 1939. Both of these sections provide: ''When a deposit shall have been made by any person in the name of such depositor and another person and in form to be paid to either, or the survivor of them, such deposit thereupon and any additions thereto made, * * *, shall become the property of such persons as joint tenants, * * *, and may be paid to either during the lifetime of both, or to the survivor after the death of one of them; * * *.''

We agree with the appellant that there is no evidence that would tend to prove that when the joint account was established in the North St. Louis Trust Company that the deposit agreement was not the real agreement of the parties; nor is there any evidence of any change in the agreement. Except as to the last $600.00 deposit, it is admitted by both parties that all the money deposited in this joint account was money belonging to Stephen Kaimann. All deposits made with his knowledge and consent establishes a presumption of joint ownership in the fund with all the incidents attached to such ownership, including the attendant rights of survivorship therein. This is true because the law is well settled to the effect that proof of a deposit made by one for the use of himself and another with the right of survivorship raises a presumption that the survivor takes absolute title upon the death of the other; but this presumpion may be overcome by competent evidence tending to overcome such presumption. Ball v. Mercantile Trust Co., 220 Mo. App. 1165, 297 S. W. 415; Mississippi Valley Trust Company v. Smith, 320 Mo. 989, 9 S. W. 2d 58; Clevidence v. Mercantile Home Bank & Trust Co., 355 Mo. 904, 199 S. W. 2d 1.

Appellant contends that the various deposits cannot be treated separately but must be treated as one transaction. We disagree with appellant's contention. For instance, suppose that Stephen Kaimann had given instructions for Francis Kaimann to deposit all the money he received as rent from his real estate holdings in the Baden Bank but, disregarding these instructions, Francis deposited the rent money in the joint bank account in the North St. Louis Trust Company. Certainly, if these facts were proven, then the presumption of survivorship would be overcome as to these particular deposits.

As previously stated, all the money on deposit in the joint account belonged to Stephen Kaimann and any amount in this joint account to which Francis Kaimann was entitled on account of survivorship would be in the nature of a gift from the father to his son. The law in this state is that a son has the burden of proof of an alleged gift to him by his father in his lifetime. Tygard v. Falor, 163 Mo. 234, 63 S. W. 672; Spencer v. Barlow, supra.

The first three deposits in this joint account totaling $2,065.03 were made by Stephen Kaimann before his illness, and we think the trial court correctly held that the presumption arising from

the nature of the deposits amply satisfies any burden that rested upon Francis Kaimann and establishes his right to the balance of the three deposits remaining in the account. (There was a check drawn on this account for $18.45 prior to Stephen Kaimann's illness which neither party was able to account for or produce.)

Omitting the final deposit of April 16, 1946, which was Francis Kaimann's restoration to the account of the $600.00 he had previously withdrawn, there were eight other separate deposits. Two of the deposits were made by Clarence H. Kaimann. The first one made by him was. on January 15, 1946, for $2,024.88. The testimony was that this deposit slip was made out by Stephen Kaimann on a North St. Louis Trust Company deposit slip. We think the trial court properly ruled· this evidence established the decedent's intent that ·this deposit was to be made in the joint bank account. The second deposit made by Clarence Kaimann was on April 5, 1946, and the amount deposited was $994.00. There were no deposit slips at ·the hospital and Clarence made out the deposit slip. He testified that it was his belief that he showed his father the duplicate deposit slip, and we again hold that under this evidence the trial court was justified in holding that the deceased· knew this sum was deposited in the joint account.

The deposit of $2,500.00 on March 20, 1946, requires some special consideration. This check was drawn on the Baden Bank. The body of the check was filled out by Francis Kaimann and was signed by the deceased. On the back of this check were the words, "For deposit only," apparently written by Francis Kaimann, and also the signature of Stephen Kaimann. The memorandum opinion of the trial court states that since the check was drawn on the Baden Bank, it was a necessary inference that deceased intended this check to be deposited in the North St. Louis Trust Company joint account. The opinion further states: "The validity of this deposit must be ruled in this case on the basis of the burden of proof, because there is a total lack of evidence. As stated above, one in a position of trust and confidence who claims the benefit of a gift is faced with a presumption of undue influence and has the burden of proof to overcome that presumption. The mere execution of the check is insufficient to do so. On this issue we must hold that Respondent, who had the burden of proof, has failed to establish that the $2,500 transfer of funds one month before the death of decedent from decedent's individual account in the Baden Bank to the joint account in the North St. Louis Trust Company was not the result of his undue influence. It is unfortunate for him that he was handicapped by inability to testify; but such inability does not overcome the presumption of undue influence nor satisfy the burden of proof."

Clarence Kaimann testified that Francis "made his [Stephen Kaimann's] income tax returns, kept his books and generally took

care of his affairs.'' This is evidence of a confidential relationship between this father and son. ''It has been declared that, where an old and feeble man, whose mind is weakened by disease, bestows a gift, where the relation of trust or confidence exists, it is presumptively void—and the burden is upon the donee to rebut this by showing the absolute fairness and validity of the gift, and that it is entirely free from the taint of undue influence. This sound and wholesome doctrine applies as well to suits of law as to proceedings in equity, and is as broad in its scope as the existence of the confidential and fiduciary relation. The rule stands upon a general principle, applying to all the variety of relations in which dominion may be exercised by one person over another.'' Reed v. Carroll, 82 Mo. App. 102, l. c. 108. See also Griesel v. Jones, 123 Mo. App. 45, 99 S. W. 769; Selle v. Wrigley, 233 Mo. App. 43, 116 S. W. 2d 217. We approve the holding of the trial court in regard to this deposit.

In regard to the other five deposits made by Francis Kaimann of decedent's money in the joint account, there is absolutely no evidence that decedent had any knowledge of them, nor were any implied directions given by him in reference to these deposits being made in the joint account. The trial court correctly ruled that Francis Kaimann failed to sustain the burden of proof which rested upon him in regard to these five deposits.

As previously stated, the trial court ordered Francis Kaimann to pay into the estate the amount of the six deposits which totaled $7,833.72. These are the last six deposits that we have just discussed.

It follows that the judgment of the trial court should be affirmed. It is so ordered. All concur.