■ William M. Stanton, Appellant, v. Francis J. Spearman et al., Respondents, et al., Defendant.— In an action by a broker against the sellers to recover commissions for procuring a purchaser for certain real property in Brooklyn, plaintiff appeals from a judgment of the Supreme Court, Kings County, dated and entered November 9, 1960, in favor of the sellers, the defendants Spearman, dismissing the complaint on the merits at the close of plaintiff's case, after a jury trial. Judgment reversed, on the law, and new trial granted, with costs to plaintiff to abide the event. In our opinion, a prima facie case was established. Performance of the two contracts of sale which were entered into by the purchaser and the sellers was conditioned, as

stated in one of the contracts, upon the failure of a certain third party to exercise an option to purchase part of the property. However, there was evidence that one of the sellers, defendant Francis J. Spearman, with knowledge that the sale would have to be subject to that condition, and in working out the terms of the proposed sale with plaintiff, assented to plaintiff's statement that he (Spearman) would have to pay him (plaintiff) a commission on the sale We believe that such evidence presented a question of fact for determination by the jury as to whether, so far as the brokerage agreement was concerned, the plaintiff broker or the sellers took the risk that the sale would not be consummated (cf. *O'Hara* v. *Bronx Consumers Ice Co.*, 254 N. Y. 210; *Smith* v. *Peyrot*, 201 N. Y. 210; *O'Connor-Sullivan* v. *Otto*, 283 App. Div. 269; *Epstein* v. *Gosseen*, 235 App. Div. 33). The cases of *Dayton* v. *Gardiner* (255 App. Div. 989) and *Hubbard* v. *Tobin* (15 Misc 2d 65) are distinguishable. Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.