Mrs. Harley L. DIETZ and William Hartman, Co-executors of the Estate of Julia Humphreys, Deceased, Respondents,

v.

Charles R. HUMPHREYS, Appellant.

No. 56836.

Supreme Court of Missouri, Division No. 2.

March 11, 1974.

Motion for Rehearing and/or Transfer to Court en Banc Denied April 8, 1974.

Shifrin, Treiman, Schermer & Gallop, J. Leonard Schermer, Lawrence P. Kaplan, St. Louis, William Hartmann, St. Louis, attorneys for respondent.

Ziercher, Tzinberg, Human & Michenfelder, George J. Bude, Clayton, attorneys for appellant.

STOCKARD, Commissioner.

Charles R. Humphreys has appealed from the judgment of the trial court in which it was decreed that he has no interest in six savings accounts and one certificate of deposit, each of which designated him and plaintiff, his sister-in-law, as joint owners with right of survivorship. The notice of appeal was filed prior to January 1, 1972, and this court has appellate jurisdiction by reason of the amount in dispute.

Because of age and health reasons, Julia and Lester Humphreys, husband and wife, were in a nursing home. They sold their home in Clayton, Missouri, and the money received from the sale was turned over to appellant who placed it in an account in the bank on which he had authority to write checks. According to Charles, in September, 1969, Lester decided there was too much money in the checking account, and that $30,000 should be invested. It was at Lester's suggestion that six deposits of $5,000 each in three different savings and loan associations were obtained. Charles obtained applications from each of the savings and loan associations and took them to the nursing home and they were signed by Lester and Julia, and also by Charles. On September 15, 1969, appellant established the six savings accounts in the names of Lester, Julia and himself in language to comply with § 369.150, RSMo 1969, V.A.M.S., which resulted in the accounts being held in a statutory joint ownership with right of survivorship. In re Estate of LaGarce, 487 S.W.2d 493 (Mo. banc 1972).

Lester died in January, 1970, and subsequent thereto, Charles took to Julia a "signature card" which both he and Julia signed. Charles then purchased from the St. Louis County National Bank, using money from Julia's bank account, a certificate of deposit in the amount of $10,000 payable to Julia or Charles or to either or survivor, worded in compliance with § 362.470, RSMo 1969, which resulted in the certificate being held in a statutory joint ownership. In re Estate of LaGarce, supra.

On July 6, 1970, Julia filed suit against Charles in which she alleged that she had demanded that Charles turn over to her the certificates evidencing the savings accounts and the certificate of deposit, but that he refused to do so. She also alleged that she "did not consent to and was without knowledge that Charles R. Humphrey's name would appear as a joint owner with

right of survivorship of said accounts and certificate of deposit, he having given no consideration for same nor having received same as a gift."

The trial court made lengthy and detailed findings of fact. We shall summarize them as to the parts material to this appeal.

It found (1) that Charles had no interest in the property of Lester and Julia which was sold to obtain the money used to purchase the accounts in the savings and loan associations, and that he had no interest in the money used to purchase the certificate of deposit; (2) when Charles took possession of the money of Lester and Julia and when he acquired the various items evidencing an indebtedness he was acting in a confidential relationship; (3) that there was no intention on the part of Lester or Julia to make a gift of the savings and loan certificates or the certificate of deposit at the St. Louis County National Bank; (4) and that because of the confidential relationship the purported gift to Charles was presumptively void, and that he had not met his burden of showing that the gift was fair, valid, and free from undue influence. Judgment for plaintiff was entered in accordance with these findings, and Charles appealed to this court. While this appeal was pending the death of Julia Humphreys was suggested, and Mrs. Harley L. Dietz and William Hartman, coexecutors of the estate of Julia Humphreys, deceased, were substituted as respondents.

In making the above findings the court was proceeding pursuant to the rules announced in In re Kaimann's Estate, 360 Mo. 544, 229 S.W.2d 527 (1950); In re Patterson's Estate, 348 S.W.2d 6 (Mo. 1961); Jenkins v. Meyer, 380 S.W.2d 315 (Mo.1964); and Wantuck v. United Savings and Loan Association, 461 S.W.2d 692 (Mo. banc 1971). However, in the case of In re Estate of LaGarce, 487 S.W.2d 493 (Mo. banc 1972), decided while this case was pending on appeal, it was stated: "We have concluded that the heretofore indicated construction [referring to Jenkins v.

Meyer, supra, and Wantuck v. United Savings and Loan Association, supra] placed upon our joint account statutes is erroneous and has been misleading to depositors who have complied with said statutes. Our courts have placed limitations thereon and have added requirements thereto which are not contained in the statutes and are not warranted. Section 369.150 specifically and unqualifiedly provides that if the certificate is issued in the statutory form the account 'shall become the property of such persons as joint tenants and shall be held for the exclusive use of the persons so named and may be paid to any person named therein, or the survivor.' There is nothing in the statute which would warrant the conclusion that a rebuttable *presumption* is created that the deposit shall become the property of such persons as joint tenants and that it may be shown by competent evidence that it was not a joint tenancy even though the statutory form had been complied with. The statute says it *'shall become the property of such persons as joint tenants.'* The limitations were placed upon the statute by judicial interpretation apparently resulting from a consideration of common law principles." In the LaGarce case it was further held that Section 369.150 (and the same would be true as to Section 362.470) "creates what might be described as a statutory joint tenancy which should be given effect without consideration of the strict common-law requirements mentioned in the cases." This court then concluded: "The statute is clear and needs no construction. It is our view that if the statute is complied with, in the absence of fraud, undue influence, mental incapacity, or mistake, the survivor will become owner of the account." The same reasoning would apply while the joint tenants are living. Each statute provides that upon compliance with its provisions, the deposit shall become the property of the persons named as joint tenants.

■ At the trial of this case, the parties proceeded under the theory announced in the Jenkins and Wantuck cases, and

properly so because they were then the latest pronouncements by this court. As demonstrated by its findings, the trial court also proceeded on the theory that the rule announced in the Jenkins and Wantuck cases was to be followed. However, the LaGarce case, handed down after the trial of this case, resulted in the application of a different rule for the determination of the issues in this case. The question thus presented is whether we should now decide this case pursuant to the rule of the Jenkins and Wantuck cases, or according to the rule of the LaGarce case. In Barker v. St. Louis County, 340 Mo. 986, 104 S.W.2d 371 (1937) this court stated: "Our rule is that if the overruled decision is one dealing with a rule of procedure, that is, procedural or adjective law, then the effect of the subsequent overruling decision is *prospective only*; but if the overruled decision is one dealing with substantive law, then the effect of the subsequent overruling decision is retroactive." In our opinion the ruling in the LaGarce case is substantive. It results in the creation of substantive rights in the party who is made a joint tenant which did not previously exist. It is true that even though the new rule is substantive, this court may declare it to be prospective only, Abernathy v. Sisters of St. Mary's, 446 S.W.2d 599 (Mo. banc 1969), but we do not consider this case to be one where the court should declare the new rule to have only prospective application.

 In view of the above conclusions we are of the opinion that it would be improper and unfair to the parties, to decide this case on the record made when all the parties, in the presentation of their evidence, and the trial court, in entering its findings and conclusions of law, were operating pursuant to the rule announced in the Jenkins and Wantuck cases. The plaintiff presented her evidence on the theory that Charles was acting in a confidential relationship, and that the burden was on him to overcome the presumption that the gift was void. See In re Kaimann's Estate, supra. She did not proceed upon the theory of fraud, undue influence, mental incapacity, or mistake. The trial court's findings of fact, to which we ordinarily would give deference, are not based upon its evaluation of the testimony as to the issues referred to in the LaGarce case which would defeat ownership in Charles.

The judgment is reversed and the cause remanded with directions that the parties may if so advised amend their pleadings and present other or additional evidence, and then submit the case to the trial court for decision according to the rule announced in the LaGarce case. It is so ordered.

HOUSER, C. concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.