**In re the Marriage of Etta Lou HEILMAN, Appellant.**

v.

**Paul A. HEILMAN, Respondent.**

No. 66908.

Supreme Court of Missouri, En Banc.

Dec. 17, 1985.

Alvin D. Shapiro, Patrick A. Woodley, Kansas City, for appellant.

Alan B. Gallas, Kansas City, for respondent.

ROBERTSON, Judge.

This is an appeal by the wife of a decree of dissolution. The trial court's judgment, in addition to dividing the couple's property and awarding temporary maintenance to the wife, set aside as the husband's separate property his stock in a family laundry business. On the wife's appeal, the Western District concluded that the termination of maintenance was not justified, and that the "source of funds rule," announced by this Court in *Hoffmann v. Hoffmann,* 676 S.W.2d 817 (Mo. banc 1984), required the stock to be characterized as marital. We granted transfer to consider whether the Court of Appeals correctly applied the source of funds rule, and now consider this case as an original appeal. Mo. Const. art. V, § 10. The trial court's judgment is reversed and the cause remanded for a new trial.

The stock in question represents approximately 15 percent of the outstanding stock

in a family-owned corporation operating a laundry business. The husband is employed as the president of this corporation, and earns $150,000 per year. The stock was acquired at various times as gifts to the husband from the husband's late father.

■ The wife acknowledges that the husband acquired the stock as a gift. However, she makes two arguments in favor of the marital status of the stock. The first argument is based on the assertion that the husband so characterized the property in one of his exhibits. From this, she argues that the trial court was precluded from making any other determination. There is no such exhibit contained in the record as it has reached this Court, although there is an exhibit sponsored by the husband which pointedly characterizes the stock as non-marital. However, even if there were an exhibit proffered by the husband identifying the property as marital, the issue would not have been concluded by it, and there is substantial evidence in the record to support the trial court's opposite conclusion. *See Dardick v. Dardick*, 670 S.W.2d 865, 868 (Mo. banc 1984); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ The apparent error in the wife's reasoning is the premise that such statement, by the husband, or on his behalf, constitutes an "admission" which is binding upon him. Although it has been stated that a party's testimony "may be of such a nature as to have the effect of a judicial admission," which precludes the party from disputing it unless some reasonable explanation for the falsity of the statement is given, this principle only applies to positive statements of fact and not to mere estimates or opinions. *Jockel v. Robinson*, 484 S.W.2d 227, 231 (Mo.1972). Any statements by the husband as to the character of the property would have constituted conclusions as to the legal effect of the material facts, and therefore opinions not subject

to preclusive effect. *Wors v. Glasgow Village Supermarket, Inc.*, 460 S.W.2d 583, 590 (Mo.1970); *Foster v. Bi-State Development Agency*, 668 S.W.2d 94, 96 (Mo.App. 1984).

The wife's second argument is that the stock is marital property because it had no value at the time of receipt, and any value it now has is entirely attributable to the efforts of the husband during the marriage. Her argument in this regard misinterprets the "source of funds rule" as adopted by this Court in *Hoffmann*.

We note parenthetically that the decision in that case has been held, in an opinion handed down concurrently with the present one, to operate retrospectively so as to govern all cases not yet finally resolved, by the entry of a judgment and the extinction of all remedies by direct appeal, at the time of that decision. *Sumners v. Sumners*, 701 S.W.2d 720 (Mo. banc 1985).

The issue in *Hoffmann* involved an almost identical argument to that raised here. In that case, the wife urged that the value of the husband's holdings in a closely-held corporation was largely due to his own efforts and was therefore marital property. Then as now, the characterization of property as either marital or separate in the context of dissolution was governed by § 452.330, RSMo Cum.Supp. 1984. That section states, in pertinent part:

2. For purposes of sections 452.300 to 452.415 only, "marital property" means all property acquired by either spouse subsequent to the marriage except:

(1) Property acquired by gift, bequest, devise, or descent;

(2) Property acquired in exchange for property acquired prior to the marriage or in exchange for property acquired by gift, bequest, devise, or descent;

(3) Property acquired by a spouse after a decree of legal separation;

(4) Property excluded by valid agreement of the parties; and

(5) The increase in value of property acquired prior to the marriage.

Prior to *Hoffmann*, the courts of this state applied this statute according to the "inception of title doctrine," with the result that property was characterized as entirely separate or entirely marital depending upon the moment at which title to the property was taken. *Id.*, 676 S.W.2d at 824. This Court, recognizing the artificiality and potential for abuse inherent in this rule, adopted instead a "source of funds" approach which considers property acquired incrementally as it is paid for, and allocates the incremental values of the property to either the marital or separate estates according to the source of the funds used to purchase the particular increments. More specifically, this Court noted with approval the rule adopted by the Maine Supreme Court that "the marital community should be entitled to share in the proportionate increase in value of [separate] property attributable to improvements made by marital funds and labor." *Id.* at 825, *citing Tibbetts v. Tibbetts*, 406 A.2d 70, 76–77 (Me.1979). The policy behind this rule was recognized to be that "if the marital unit was deprived of a proportionate share of the value of improvements added with marital funds, an incentive exists for a sophisticated spouse to divert marital funds for the improvement of separate property." *Id.*

Consequently, the wife's claim "to share in the enhanced value of the corporation brought about by the husband's efforts"

was recognized as "a legitimate theory to pursue." *Id.* However, the policy underlying the general rule was found not to support such a claim in *Hoffmann*, where there was no showing that the husband had "sacrificed payment of marital funds, by way of salary or dividends, in order to increase the value of the corporation's stock." *Id.* at 826. Absent proof of *uncompensated* marital effort, therefore, the wife could not take advantage of the source of funds rule.

The same lack of proof is present in this case.[1] However, since the case was tried prior to the decision in *Hoffmann*, it would be manifestly unfair to the parties to decide it on the record we have before us. *Sumners, supra: Dietz v. Humphreys*, 507 S.W.2d 389, 392 (Mo.1974). The judgment, with respect to the division of property, must therefore be vacated and remanded to the trial court for retrial in light of this opinion.

As noted in *Sumners*, remand of that portion of the judgment identifying and dividing the marital property also requires remand of those portions of the judgment addressing maintenance.

One question of note which may arise on remand is whether it was proper for the trial court to award "lump-sum maintenance in gross" as part of the wife's distributed share of marital property. The sum referred to was specifically intended "to equalize the division of property." In the future, trial courts should refrain from characterizing payments in lieu of property as "maintenance".

---

1. There is enough of a record present to indicate the possibility of proving both that the husband could influence the amount of compensation paid to him, and that the compensation paid had not on all occasions been "adequate".

The husband testified, at one point, that he had received a bonus from the laundry business of $20,000 in November of 1982. With regard to bonuses generally he testified as follows:

Q. (Mr. Gallas): When are bonuses paid by [the corporation]?

A. (Mr. Heilman): We close our books on September 30, and after we do our year-end review, we try to make a determination for bonuses with 45 to 50 days.

Q. And what are the underlying factors that you consider with regard to bonuses?

A. Profitability.

Q. Specifically?

A. Well, all companies have to make a profit [the laundry and two other companies]. When we do make a profit, if we make a profit, we put [a] percentage of it in our profit sharing fund; we have to make sure that we leave cash in the business so that we can grow. If we have made money, then we will pay ourselves a bonus.

The judgment of the trial court is hereby vacated and remanded for retrial in light of this opinion.

HIGGINS, C.J., and BILLINGS, DONNELLY, WELLIVER and RENDLEN, JJ., concur.

BLACKMAR, J., concurs in separate opinion filed.

BLACKMAR, Judge, concurring.

I concur. In my partial dissent in *Hoffmann v. Hoffmann*, 676 S.W.2d 817, 829 (Mo. banc 1984) I protested because the Court, after departing from prior Court of Appeals cases in adopting the "source of funds" rule, then saddled the plaintiff with a record made under a different legal theory. The principal opinion wisely directs a remand.

Here, just as in *Hoffmann*, the defendant husband is not a controlling stockholder. The test set out in footnote 1 of the principal opinion ("that the husband could influence the amount of compensation paid to him, and that the compensation had not ... been 'adequate.'") announces a standard appropriate for a case of this kind, as to when previously-owned corporate shares may be found to be marital property.

I would question the necessity for a showing of "adequacy" of salary and dividends paid in a case in which the shareholder spouse owns an absolute majority of the shares, so that he or she could dictate the amounts to be paid in salary and dividends. But the courts can decide cases in this category as they arise.