Anita OWENS, Petitioner-Appellant,

v.

Gilbert OWENS,
Respondent-Respondent.

No. 14054.

Missouri Court of Appeals,
Southern District,
Division Two.

March 31, 1986.

M. Sean McGinnis, Turner, Reid, Duncan, Loomer & Patton, Springfield, Grant Q. Haden, Ava, for petitioner-appellant.

Mark E. Fitzsimmons, Fitzsimmons & Schroeder, Springfield, for respondent-respondent.

MAUS, Judge.

On August 21, 1984, the trial court entered a decree dissolving the marriage of the parties to this appeal. That decree also set apart to the husband as his separate property a 552-acre farm. In addition, it awarded to the husband the farm equipment and livestock. The court took the remainder of the issues under advisement. On November 7, 1984, a final decree was entered. As a result, separate property was set apart to each party; the marital property was determined and divided; and the wife was awarded a sum representing her funds used in building a house on the farm. Neither party was awarded maintenance. The wife was awarded attorney's fees in the amount of $1200. By her appeal, the wife does not challenge the dissolution of the marriage. § 452.360, RSMo 1978. She does challenge the remainder of the decree.

The parties concede that in awarding the separate property and dividing the marital property, the trial court applied the "inception of title" rule. Two points are briefed on appeal. The first is whether or not the trial court erred in applying the inception of title rule, since *Hoffmann v. Hoffmann*, 676 S.W.2d 817 (Mo. banc 1984), was handed down before the entry of the final decree. The second point is whether or not the "source of the funds" rule announced in *Hoffmann* should be applied to this case on appeal. In the posture of this case, the answer to the second point resolves the first point.

■ Since the briefs were filed, the Supreme Court has decided *Sumners v. Sumners*, 701 S.W.2d 720 (Mo. banc 1985). That case holds that the source of the funds rule must be applied to the disposition of a case pending on appeal when *Hoffmann* was decided. "The 'source of

funds rule' as announced in *Hoffmann* should be retrospectively applied and is, therefore, applicable to the instant case." *Sumners*, at 725. It necessarily follows that the source of funds rule must be applied to the disposition on appeal of a case in which the final decree was entered after *Hoffmann* was decided.

 On review, an appellate court may be able to apply the source of funds rule upon a record made under the inception of title rule. That is true when the issues decisive under the source of funds rule have been litigated and there is no suggestion or indication of evidence made relevant by the source of funds rule that was not relevant to the issues that had been litigated. *Herr v. Herr*, 705 S.W.2d 619 (Mo.App. 1986). Where that is not the case, "we are of the opinion that it would be improper and unfair to the parties, to decide this case on the record made when all the parties, in the presentation of their evidence, and the trial court, in entering its findings and conclusions of law, were operating pursuant to the rule announced in the [overruled] cases." *Dietz v. Humphreys*, 507 S.W.2d 389, 392 (Mo.1974), cited in *Sumners v. Sumners*, supra. Also see *Heilman v. Heilman*, 700 S.W.2d 843 (Mo. banc 1985). In this case the issues decisive under the source of the funds rule were not developed and there is a "dearth of evidence" relative to that rule within the meaning of *Sumners*. Because the awards of maintenance and attorney's fees are at least in part related to the property set apart and divided to each party, those portions of the decree must be remanded as well. *Heilman v. Heilman*, supra. Except for that portion dissolving the marriage of the parties, the decrees of the trial court are reversed. The cause is remanded for retrial.

PREWITT, C.J., HOGAN, P.J., and CROW, J., concur.