

# SUPREME COURT OF MISSOURI
## en banc

GARY M. WEIBRECHT, )   *Opinion issued January 10, 2023*
                    )
            Appellant, )
                    )
v.                  )   No. SC99493
                    )
TREASURER OF MISSOURI AS )
CUSTODIAN OF SECOND INJURY )
FUND,               )
            Respondent. )

**APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION**

Gary Weibrecht appeals the Labor and Industrial Relations Commission's

("Commission") decision affirming and adopting the administrative law judge's (ALJ's)

final award denying his claim for benefits from the Second Injury Fund ("Fund").  On

appeal, Weibrecht challenges the ALJ's denial of his post-hearing motions to reopen the

record and submit additional evidence after this Court handed down its opinion in *Cosby*

*v. Treasurer of Missouri*, 579 S.W.3d 202 (Mo. banc 2019), interpreting section

287.220.[1]  Because the Commission did not abuse its discretion in affirming the ALJ's

---

[1] All statutory references are to RSMo 2016.

denial of Weibrecht's post-hearing motions to reopen the record and submit additional evidence, the Commission's decision is affirmed.

## Background

In 2013, the legislature amended section 287.220, which governs Fund liability, "to limit the number of workers eligible for fund benefits because the Fund was insolvent." *Treasurer of Mo. v. Parker*, 622 S.W.3d 178, 181 (Mo. banc 2021). Section 287.220.2 retained the pre-amendment framework for Fund liability for compensable work-related injuries that occurred before January 1, 2014. *Id.* Section 287.220.3, which governs compensable work-related injuries that occurred after January 1, 2014, eliminated Fund liability for permanent partial disability ("PPD") claims and limited Fund liability for permanent total disability ("PTD") claims by requiring that the claimant's preexisting disabilities be medically documented, equal at least 50 weeks of PPD, and meet one of the criteria listed in section 287.220.3(2)(a)a(i)-(iv). *Id.*

The primary injury giving rise to this case was a lower back injury Weibrecht suffered in July 2016. After settling his workers' compensation claim with his employer, Weibrecht filed a claim against the Fund, alleging his preexisting injuries to his lower back in 2005 and 2009 and right shoulder in 2014, combined with his primary injury, rendered him permanently and totally disabled. He asserted the Fund was liable under section 287.220.2 for PTD benefits or, in the alternative, PPD benefits. A hearing was held before the ALJ in May 2019, after which the ALJ closed the record and ordered proposed awards to be filed within 30 days.

2

Before the ALJ issued her final award, this Court handed down its opinion in *Cosby v. Treasurer of Missouri*, 579 S.W.3d 202 (Mo. banc 2019). Prior to *Cosby*, the court of appeals had held in *Gattenby v. Treasurer of Missouri*, 516 S.W.3d 859, 862 (Mo. App. 2017), that section 287.220.3 applied only when the preexisting and primary injuries both occurred after January 1, 2014. But *Cosby* reached a different interpretation of section 287.220.3. Under the statutory definition of "injury" and the plain and ordinary language of section 287.220, *Cosby* found subsection 2 applies when *all* injuries occurred prior to January 1, 2014, and subsection 3 applies when *any* injury occurred after January 1, 2014. 579 S.W.3d at 206-08. *Cosby* further directed that, to the extent *Gattenby* holds otherwise, it "should no longer be followed." *Id.* at 208 n.5.

After conclusion of the hearing but before the ALJ's final award, Weibrecht filed a motion to reopen the record for a supplemental hearing, contending that *Cosby* changed the law and that his claim was now governed by section 287.220.3 rather than section 287.220.2. Weibrecht averred he had prepared evidence only for a claim under section 287.220.2 based on the court of appeals' decision in *Gattenby*. He argued that, under the circumstances, the ALJ had the authority to reopen the record and hold a supplemental hearing prior to issuing an award. The Fund posited that, while the ALJ has the authority to reopen the record in certain situations, doing so was not warranted under the facts of this case and Weibrecht should not be given a "second bite" at proving his claim under section 287.220.3.

On July 2, 2019, the ALJ overruled Weibrecht's motion , "The parties did not cite statutory authority allowing the ALJ to reopen the record after the hearing was

3

concluded. After applying strict construction, [the] ALJ found no statutory basis allowing her authority to reopen the record."

Weibrecht filed a motion to reconsider, citing section 287.610.5 and 8 C.S.R. 50-2.010 as authority for the ALJ to take additional post-hearing evidence before rendering a decision. He also requested an opportunity to make an offer of proof as to the evidence he would submit at an additional hearing. The ALJ again overruled Weibrecht's motion, this time without explanation. Weibrecht then filed a third motion again asking the ALJ to reopen the record for the purposes of making an offer of proof and submitting additional evidence for the ALJ's consideration. The ALJ once again overruled his motion without explanation and issued her final award denying Weibrecht compensation.

In her award, the ALJ determined that, because the primary injury in this case occurred after January 1, 2014, section 287.220.3 applied. She concluded Weibrecht's PPD claim was not compensable and denied his PTD claim because he had not proven any of his preexisting disabilities equaled at least 50 weeks of PPD or met any of the criteria listed in section 287.220.3(2)(a)a(i)-(iv). Weibrecht appealed to the Commission, challenging the ALJ's rulings on his requests to reopen the record and the final award. The Commission affirmed and adopted the ALJ's final award with a supplemental opinion, finding it was supported by competent and substantial evidence and was made in accordance with the law. The Commission also affirmed the ALJ's decisions not to

4

reopen the record "for reasons cited in [the ALJ's] July 2, 2019, minute entry."

Weibrecht now appeals the Commission's decision.[2]

## Standard of Review

The Commission's decision must be "supported by competent and substantial evidence upon the whole record." Mo. Const. art. V, sec. 18. On appeal, the Commission's factual findings shall be conclusive and binding in the absence of fraud, and no additional evidence shall be heard. Section 287.495.1. This Court also defers to the Commission's determinations regarding the credibility of witnesses and the weight given to conflicting evidence. *Annayeva v. SAB of TSD of St. Louis*, 597 S.W.3d 196, 198 (Mo. banc 2020). On appeal, this Court:

> shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:
>
> (1) That the commission acted without or in excess of its powers;
>
> (2) That the award was procured by fraud;
>
> (3) That the facts found by the commission do not support the award;
>
> (4) That there was not sufficient competent evidence in the record to warrant the making of the award.

Section 287.495.1(1)-(4).

---

[2] After an opinion by the court of appeals, this Court granted transfer. Mo. Const. art. V, sec. 10.

5

**Analysis**

The issue in this case is whether the Commission erroneously affirmed the ALJ's overruling of Weibrecht's post-hearing motions to reopen the record and submit additional evidence. Weibrecht argues the ALJ abused her discretion by overruling those motions. He contends this Court's decision in *Cosby* changed his burden of proof, which he argues constituted "good cause" under 8 C.S.R. 50-2.010(11)[3] to reopen the record. Without the opportunity to submit additional evidence, Weibrecht disputes he had a full and complete hearing.

An ALJ's evidentiary decisions affirmed by the Commission will not be overturned absent an abuse of discretion. *Otwell v. Treasurer of Mo.*, 634 S.W.3d 850, 857 (Mo. App. 2021). An abuse of discretion occurs when a decision "is clearly against the logic of the circumstances and is so unreasonable as to indicate a lack of careful consideration." *Mitchell v. Kardesch*, 313 S.W.3d 667, 675 (Mo. banc 2010) (internal quotations omitted).

"Workers' compensation law is entirely a creature of statute." *Templemire v. W & M Welding, Inc.*, 433 S.W.3d 371, 381 (Mo. banc 2014). In interpreting it, this Court

---

[3] 8 C.S.R. 50-2.010 (11) provides:

> (11) All parties shall be prepared to introduce all relevant evidence when the case is heard. Continuances to file additional evidence will only be granted for good cause shown, when the administrative law judge who has conducted the hearing decides that additional evidence is necessary for a full and complete hearing.

6

"must ascertain the intent of the legislature by considering the plain and ordinary meaning of the terms." *Id.* Sections 287.220.2 and 287.220.3, as amended in 2013, went into effect January 1, 2014. Weibrecht's contention that *Cosby* "changed his burden of proof" is incorrect. Rather, section 287.220.3, by its plain language, has governed since its January 1, 2014 effective date. While *Gattenby* previously interpreted sections 287.220.2 and 287.220.3,[4] prior to Weibrecht's hearing, this Court had yet to address the interpretation of sections 287.220.2 and 287.220.3. In fact, at the time of Weibrecht's hearing, *Cosby* was pending before this Court.[5] Because the issue continued to be litigated in *Cosby* and other cases, nothing precluded Weibrecht from making alternative arguments under both sections for Fund liability pursuant to the plain language of the statute. Indeed, nothing prohibited Weibrecht from presenting evidence under both sections 287.220.2 and 287.220.3 at his hearing. It was not clearly against the logic of the circumstances and so unreasonable to indicate a lack of careful consideration for the ALJ to conclude there was no good cause to reopen the record when this Court had not previously interpreted sections 287.220.2 and 287.220.3 and nothing precluded

---

[4] Generally, changes in decisional law apply retrospectively. *Sumners v. Sumners*, 701 S.W.2d 720, 723 (Mo. banc 1985). This Court, however, has authority to declare whether such decisions apply retrospectively or prospectively. *Wainwright v. Stone*, 414 U.S. 21, 23-24 (1973). Retrospective or prospective application need not be addressed, however, because Weibrecht never raised this issue before the ALJ, the Commission, or this Court. "Appellate courts are merely courts of review for trial errors, and there can be no review of a matter which has not been presented to or expressly decided by the trial court." *City of Aurora v. Spectra Comms. Grp., LLC*, 592 S.W.3d 764, 789 (Mo. banc 2019).

[5] This Court granted transfer in *Cosby* on July 2018; it was argued before this Court in October 2018 and handed down June 25, 2019. Weibrecht's hearing was in May 2019.

Weibrecht, at the time of his hearing, from making alternative arguments under the plain language of the statute. Accordingly, the ALJ did not abuse her discretion.

Weibrecht alternatively asserts the Commission erred in affirming the ALJ overruling his motions to reopen the record and submit additional evidence because the ALJ never reached the merits of his motions to consider whether there was good cause but, rather, erroneously concluded she lacked any statutory authority to reopen the record.

Weibrecht is correct that, when the ALJ initially overruled his post-judgment motion to reopen the record and submit additional evidence, the ALJ did not exercise her discretion to sustain or overrule his motion but, rather, erroneously believed she lacked authority to sustain the motion. In her ruling, she expressly stated the parties did not cite authority allowing the ALJ to reopen the record and she found "no statutory basis allowing her authority" to do so. Thereafter, Weibrecht filed two successive motions to reconsider, requesting the ALJ reopen the record to allow him to make an offer of proof and submit additional evidence and citing 8 C.S.R. 50-2.010(11). Throughout briefing with respect to Weibrecht's motions, the Fund agreed with Weibrecht that the ALJ had such authority but argued Weibrecht failed to show a basis for exercising that authority in this case. When the ALJ overruled Weibrecht's subsequent motions, the ALJ did not repeat that she lacked authority to reopen the record. There is no evidence the ALJ's later rulings were a product of an erroneous belief she lacked authority.

It is presumed the ALJ ultimately exercised her discretion to rule on Weibrecht's motion and simply determined he failed to establish good cause for reopening the record under 8 C.S.R. 50-2.010(11). *See Tate v. Dep't of Soc. Servs.*, 18 S.W.3d 3, 6 (Mo. App.

2000) ("An administrative law judge's decision is presumed correct and the burden in challenging such a decision is heavy.") As explained above, it would be reasonable for the ALJ to conclude there was no good cause to reopen the record and submit additional evidence. Weibrecht's argument fails. The Commission correctly affirmed the ALJ's rulings.

Finally, Weibrecht asserts that, in affirming the overruling of Weibrecht's post-hearing motions to submit additional evidence, the Commission violated "basic principles of fairness." Weibrecht relies on *Dietz v. Humphreys*, 507 S.W.2d 389 (Mo. banc 1974), and *Tharp v. St. Luke's Surgicenter-Lee Summit, LLC*, 587 S.W.3d 647 (Mo. banc 2019). Both cases, however, are distinguishable from the instant case.

In *Dietz*, the circuit court based its ruling on this Court's two most recent cases interpreting joint account statutes. 507 S.W.2d at 391-92. While *Dietz* was pending on appeal, this Court decided a case holding the prior construction of the joint account statutes—the construction applied by the circuit court—was erroneous. *Id.* at 391. *Dietz* declined to finally dispose of the case, choosing instead to remand the case for further proceedings. *Id.* at 392. This Court reasoned "it would be improper and unfair to the parties, to decide this case on the record made when all the parties . . . were operating pursuant to the rule announced in the [older] cases." *Id.*

Unlike *Dietz*, here, *Cosby* did not overrule prior opinions from *this Court*. Rather, prior to *Cosby*, the interpretation of sections 287.220.2 and 287.220.3 was not settled. *Dietz* is not controlling.

9

In *Tharp*, this Court set forth the elements of a *prima facie* case for negligent credentialing for the first time. 587 S.W.3d at 663. Because Tharp did not know what evidence was required to make a submissible case for negligent credentialing prior to his appeal, the case was remanded for a new trial. *Id.* at 662-63. In reaching its conclusion, this Court applied a two-part test to determine if failing to remand would violate the "basic principles of fairness." *Id.* at 659. This test requires, first, "the plaintiff must actually possess sufficient evidence to make a submissible case upon retrial." *Id.* "Second, the plaintiff must convince the appellate court he or she was justified in failing to present the evidence during the trial." *Id.*

Here, unlike in *Tharp*, Weibrecht should have been aware of what evidence was required to make a submissible case for PTD. The plain language of sections 287.220.2 and 287.220.3 set forth the necessary evidence to make a submissible claim. *Tharp* is not controlling. Weibrecht's argument fails.

## Conclusion

The Commission did not abuse its discretion in affirming the overruling of Weibrecht's post-hearing motions to reopen the record and submit additional evidence. The Commission's decision is affirmed.

_____
Mary R. Russell, Judge

Wilson, C.J., Powell, Fischer, Ransom and Draper, JJ., concur;
Breckenridge, J., dissents in separate opinion filed.



GARY M. WEIBRECHT, )
                                        )
              Appellant, )
                                          )
v.                                        )       No. SC99493
                                          )
TREASURER OF MISSOURI AS )
CUSTODIAN OF SECOND )
INJURY FUND, )
                                          )
             Respondent. )

## DISSENTING OPINION

I dissent from the principal opinion because I do not concur in its analysis and conclusion. I agree with the principal opinion that the administrative law judge (ALJ) had authority to sustain Gary Weibrecht's motions to reopen the record so he could present evidence to prove his claim against the Second Injury Fund under section 287.220.3.[1] In contrast to the holding of the principal opinion, however, I would find the ALJ's overruling of Mr. Weibrecht's motions was an abuse of the ALJ's discretion because justice and fairness necessitates a full and complete hearing on Mr. Weibrecht's claim against the fund. Accordingly, I do not concur in the principal opinion's holding that the ALJ did not abuse

---

[1] All statutory references are to Revised Statutes of Missouri 2016.

her discretion by overruling Mr. Weibrecht's motion to reopen the record and instead, would vacate the Labor and Industrial Relations Commission's decision and remand the case to the commission with instructions for it to remand the case to the ALJ for the ALJ to sustain Mr. Weibrecht's motion and receive additional evidence regarding his claim.

Mr. Weibrecht presented his case before the ALJ in reliance on the only judicial interpretation of subsections 2 and 3 of section 287.220 available at that time – *Gattenby v. Treasurer of Missouri*, 516 S.W.3d 859 (Mo. App. 2017). Consistent with the court of appeals' interpretation of section 287.220 in *Gattenby*, Mr. Weibrecht presented his case pursuant to subsection 2 of section 287.220. Before the ALJ issued her decision, however, this Court handed down *Cosby v. Treasurer of Missouri*, 579 S.W.3d 202 (Mo. banc 2019). In that decision, the Court overruled *Gattenby* and clarified cases like Mr. Weibrecht's, in which the primary work-related injury occurred after January 1, 2014, fall under subsection 3 of section 287.220. *Id.* at 207.

In light of *Cosby*, Mr. Weibrecht filed a motion to reopen the record and submit additional evidence relevant to sustaining his burden of proof under subsection 3. The ALJ overruled the motion in a July 2, 2019 minute entry that read: "The parties did not cite statutory authority allowing the ALJ to reopen the record after the hearing was concluded. After applying strict construction, ALJ found no statutory basis allowing her authority to reopen the record." In response to that ruling, Mr. Weibrecht filed a motion to reconsider in which he asserted section 287.610.5 and 8 C.S.R. 50-20.010 provided authority for the ALJ to receive and consider additional evidence before rendering a decision. Additionally, he requested he be given the opportunity to make an offer of proof of the evidence he

2

intended to present if the record were reopened. The ALJ overruled the motion to reconsider without stating a basis for the ruling. Mr. Weibrecht then filed a third motion, requesting the ALJ reopen the record to allow him to make an offer of proof and to submit additional evidence in support of his claim. The ALJ again overruled the motion without stating a basis for the ruling.

Thereafter, the ALJ issued an award finding section 287.220.3 applied to Mr. Weibrecht's July 2016 injury and his evidence was insufficient to prove he was permanently and totally disabled because he did not prove any of his preexisting injuries equaled at least 50 weeks of permanent partial disability or met the criteria of section 287.220.3(2)(a)a(i)-(iv). Mr. Weibrecht appealed the ALJ's decision to the commission, which affirmed the ALJ's decisions not to reopen the record for the reasons stated in the ALJ's July 2, 2019 minute entry. It also affirmed and adopted the ALJ's final award, which it found was supported by competent and substantial evidence.

Contrary to the decision of the commission, the ALJ had authority under 8 C.S.R. 50-2.010(11) to sustain Mr. Weibrecht's motion so long as he showed "good cause" to file additional evidence and the additional evidence is necessary for a full and complete hearing. I would find the overruling of *Gattenby* – the only judicial interpretation of section 287.220.2-.3 at the time of Mr. Weibrecht's hearing – is "good cause" for his failure to present evidence that was irrelevant to his claim under *Gattenby*'s interpretation of the statute. Evidence relating to subsection 3 of section 287.220 was not relevant when Mr. Weibrecht's claim was heard, and he acted in reliance on the only judicial interpretation of section 287.220 available. Justice requires that Mr. Weibrecht be allowed

3

to present evidence to satisfy the governing legal standard as clarified *after* his case was heard. Under the circumstances, a full and complete hearing regarding Mr. Weibrecht's entitlement to second injury fund benefits can be had only if Mr. Weibrecht is permitted to file additional evidence relevant to that claim. I do not agree with the principal opinion that this Court's holdings in *Dietz v. Humphreys*, 507 S.W.2d 289 (Mo. banc 1974), and *Tharp v. St. Luke's Surgicenter-Lee Summit, LLC*, 587 S.W.3d 647 (Mo. banc 2019), can properly be distinguished.

Because Mr. Weibrecht was not afforded a full and complete hearing, the Court should vacate the commission's decision and remand the case with instructions that the commission, in turn, remand the case to the ALJ to sustain Mr. Weibrecht's motion to reopen the record under 8 C.S.R. 50-2.010(11).

_____
PATRICIA BRECKENRIDGE, JUDGE

4